IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Gena Norris, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:18−cv−02762 |
| v. | § | |
| | § | |
| McKesson Corporation, et al., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT BRACCO DIAGNOSTICS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT

Defendant Bracco Diagnostics, Inc. ("BDI") files this Unopposed Motion for Leave to File Amended Answer and Defenses to Plaintiffs' Complaint and Brief in Support (the "Motion") seeking leave to amend its answer in this case, and in support thereof would show the following:

## I.
## BACKGROUND

On November 1, 2017, Plaintiffs originally filed their Complaint in this lawsuit in California in the San Francisco County Superior Court naming a dozen parties as defendants. (ECF No. 1-1.) BDI filed its original answer to Plaintiffs' Complaint in the San Francisco County Superior Court on December 28, 2017. (ECF No. 1-2.)

Thereafter, the Plaintiffs dismissed all of the non-diverse defendants and on July 17, 2018, BDI removed the case to the United States District Court for the Northern District of California, based on diversity jurisdiction. (ECF No. 1.) Soon after removal, on July 19, the parties stipulated that the Northern District of California was an improper venue. (ECF No. 7.)

The Northern District of California then ordered that the case be transferred to this Court, which was effectuated on August 10. (ECF No. 7-10.)

There are no motions currently pending with the Court and a scheduling order has not yet been entered. The case is currently set for an Initial Pretrial and Scheduling Conference on November 19, 2018. (ECF No. 10.) BDI seeks leave to amend its answer to comply with the Federal Rules of Civil Procedure following removal and to conform its pleadings to the substantive and procedural rules applicable in the Southern District of Texas.

## II.
## MOTION FOR LEAVE

Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleadings "shall be freely given when justice so requires." The United States Supreme Court has liberally interpreted the Rule in favor of allowing amendment. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (cases should be adjudicated on the merits rather than technicalities). Leave to amend a party's pleading should be granted unless the opposing party shows undue prejudice, bad faith, undue delay, repeated failure to cure deficiencies, or futility. *See id.* at 182; *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (applying *Foman* standard in reviewing denial of leave to amend). Because none of these conditions are present in this case, BDI respectfully requests that this Court grant it leave to file its Amended Answer to Plaintiffs' Complaint ("BDI's Amended Answer"), attached hereto as **Exhibit A**.

Amendment of BDI's answer is appropriate and necessary. BDI's live pleading in this case was filed in California state court pursuant to California state procedural rules and pleading standards. Pursuant to California's pleading standards, BDI's answer included a general denial of Plaintiffs' claims, which does not comport with federal pleading standards. (*See* ECF No. 1-2.) *See* Fed. R. Civ. P. 8(b).

BDI's proposed amended answer complies with the pleading requirements in the Southern District of Texas and amends BDI's defenses to reference Texas substantive law and the procedural rules applicable in the Houston Division of the Southern District of Texas.

BDI's proposed amended answer does not assert any counterclaims or crossclaims and does not, at this time, seek to add any additional parties.

In the instant case, the parties will not be prejudiced by BDI's Amended Answer because no scheduling order has been entered in this matter. Accordingly, BDI seeks leave to amend prior to any deadline to amend pleadings. Further, given that the initial scheduling conference has not yet occurred, neither a trial date nor a discovery deadline has been established. Thus, the parties will have ample time to engage in discovery regarding BDI's Amended Answer and their counsel can take the need for any such discovery into consideration when proposing deadlines for a scheduling order.

Further, BDI has not acted in bad faith or with undue delay in filing the instant motion. On the contrary, BDI diligently sought to amend it answer. As discussed above, the purpose of BDI's amendment seeks to conform to the procedural and substantive law and rules applicable to cases filed in Texas and in the Houston Division of the Southern District of Texas.

This Motion is not brought for purposes of delay, but so that justice may be done.

WHEREFORE, Defendant Bracco Diagnostics, Inc. prays that the Court grant its Motion for Leave to File an Amended Answer to Plaintiffs' Complaint, and for such other and further relief to which Defendant may show itself justly entitled.

Dated: October 4, 2018

Respectfully submitted,

**CLARK HILL STRASBURGER**

/s/ Michael A. Walsh
**Michael A. Walsh**
*Attorney-in-Charge*
Texas State Bar. No. 00790146
S.D. Texas Bar No. 21846
**Elizabeth B, Kamin**
Texas State Bar No. 02620900
S.D. Texas Bar No. 7417
**Elizabeth F. Griffin**
Texas State Bar No. 24092450
S.D. Texas Bar No. 3228156

909 Fannin Street, Suite 2300
Houston, Texas 77010
Tel:  (214) 651-4459
Fax: (214) 659-4085
michael.walsh@clarkhillstrasburger.com
betsy.kamin@clarkhillstrasburger.com
elizabeth.griffin@clarkhillstrasburger.com

*Attorneys for Defendant*
*Bracco Diagnostics Inc.*

Of Counsel:

**BAKER STERCHI COWDEN & RICE, L.L.C.**

Thomas N. Sterchi
(admitted pro hac vice)
Paul S. Penticuff
(admitted pro hac vice)
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288

## CERTIFICATE OF CONFERENCE

This is to certify that on September 27, 2018, Paul S. Penticuff, one of the counsel for the movant, conferred in person with counsel for Plaintiffs and counsel for Defendants McKesson Corporation and McKesson Medical-Surgical Inc. regarding the substance of this motion and the relief requested herein and both indicated that they are unopposed to this motion.

_____

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

_____